UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| TONY MEEKS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 4:17-CV-33-HSM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Federal inmate Tony Meeks has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Meeks has replied. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Meeks' § 2255 motion will be denied.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2011, Meeks' pleaded guilty to conspiring to manufacture and distribute at least 5 grams of methamphetamine and 50 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [Doc. 116 in No. 4:11-CR-25]. His plea agreement contained a provision waiving, with limited exceptions, Meeks' rights to file an appeal or collateral attack [*Id*. at ¶ 14]. Based on his three prior Tennessee convictions involving methamphetamine – specifically, manufacturing methamphetamine, possessing methamphetamine with intent to sell

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

or deliver, and attempting to manufacture methamphetamine – Meeks was classified as a career offender with a United States Sentencing Guidelines ("Guideline(s)") range of 262 to 327 months' imprisonment [Presentence Investigation Report ("PSR") at ¶¶ 26, 36-38, 63 in No. 4:11-CR-25]. Meeks was ultimately sentenced to 225 months' imprisonment [Doc. 165 in No. 4:11-CR-25]. Meeks did not appeal.

On or about June 23, 2017, Meeks filed the instant § 2255 motion challenging his conviction and sentence in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 1]. After being ordered by this Court to file a response or other responsive pleading, the United States filed its response on December 5, 2017 [Doc. 6]. Meeks thereafter submitted a reply to the Government's response [Doc. 7]. This matter is ripe for review.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Waiver

In his plea agreement, Meeks expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with the exception of "claims of ineffective assistance of counsel

2

or prosecutorial misconduct" [Doc. 116 in No. 4:11-CR-25]. The excepted claims are not at issue here.

A knowing and voluntary waiver of § 2255 claims is enforceable. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). There is no dispute that Meeks entered into a knowing and voluntary plea agreement. Therefore, Meeks' claims are barred by his § 2255 waiver.

It is irrelevant that Meeks entered into his waiver before *Mathis* was decided. After all, a "plea agreement allocates risk, and the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citation and quotation marks omitted). Accordingly, Meeks has waived his right to challenge his sentence under the reasoning of *Mathis*.

**B.     Merits**

Out of an abundance of caution, the Court considers the merits of Meeks' arguments. Meeks disputes his career-offender classification, contending that his prior Tennessee felony drug convictions are no longer career-offender predicates after the Supreme Court's decision in *Mathis*, because the elements of the offense under the statute are allegedly broader than those comprising a controlled substance offense under the Guidelines.

As a preliminary matter, a challenge to the calculation of an advisory Guidelines range ordinarily cannot be reviewed under § 2255. *See, e.g., Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (noting because Guidelines are advisory, a Guidelines-based claim "does not raise an argument that [a petitioner] is ineligible for the sentence []he received").

Regardless, Meeks has not proven error in the calculation of his Guidelines range. To determine whether a prior conviction is a controlled substance offense under § 4B1.2, courts ordinarily apply a categorical approach, which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis*, 136 S.

3

Ct. at 2248; *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of the statute of conviction are broader than those comprising the generic offense, then the conviction cannot qualify as a violent felony, regardless of the particular facts of the case. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

Where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ a "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *See, e.g., Mathis*, 136 S. Ct. at 2249; *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). Applying the modified categorical approach in this case would require the Court to decide whether any of the alternatives match the federal definition of a controlled substance offense, and, if so, consult a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction. *See id.; see also Shepard v. United States*, 125 S. Ct. 1254 (2005). In conducting its inquiry, the Court's concern is not "whether the elements of the [state statute] contain the same words as the Guidelines' definition [of a controlled substance offense]" but rather, "it is 'whether the elements of [the statute] are of the *type* that would justify its inclusion within the definition of a controlled-substance offense.'" *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014) (emphasis in original) (citation omitted).

The Guidelines define a controlled substance offense as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance. . . or the possession of a controlled substance. . . with intent to manufacture, import, export, distribute, or dispense." Guideline § 4B1.2(b). The drug-offender statute under which Meeks was convicted states, in relevant part:

> (a) It is an offense for a defendant to knowingly:
> (1) Manufacture a controlled substance;

  (2) Deliver a controlled substance;
  (3) Sell a controlled substance; or
  (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

Tenn. Code Ann. § 39-17-417(a).[2] The statute criminalizes four separate offenses and is thus divisible. *See United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018) (determining that Tenn. Code Ann. § 39-17-417(a) "constitutes a 'divisible statute'"). All of the alternatives listed in Tenn. Code Ann. § 39-17-417(a) fit within § 4B1.2(b)'s definition of a controlled substance offense. *See United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (holding, post-*Mathis*, that Tenn. Code Ann. § 39-17-417 is a categorical controlled substance offense); *Douglas*, 563 F. App'x at 377 (holding the Sixth Circuit has "always treated a violation of Tenn. Code Ann. § 39-17-417 as a categorical controlled substance offense"). Additionally, all of the sentences imposed for each of Meeks' convictions exceeded one year, and therefore, they match § 4B1.2(b)'s felony requirement [PSR ¶¶ 36-38 in No. 4:-11-CR-25].

  Accordingly, Meeks' prior drug convictions under Tenn. Code Ann. § 39-17-417 qualify him as a career offender, and *Mathis* does not undermine his classification or sentence.

## IV. CERTIFICATE OF APPEALABILITY

  When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Meeks must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

---

[2] Meeks also contends that Tenn. Code Ann. § 39-17-435(a), which criminalizes "initiation of a methamphetamine manufacturing process" is overbroad [Doc. 1 p. 12]. However, none of Meeks' relevant prior convictions involved a violation of this statute, which was not enacted until after Meeks' sentencing on the prior convictions, so the Court need not address the argument. *See* Tenn. Code Ann. § 39-17-435(a).

5

U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Meeks has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE